1
2
3
4
5
6
7                    **UNITED STATES DISTRICT COURT**
8        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
9
10
   **DESERT VALLEY HOSPITAL,**          )   Case No.  CV10-9718 GAF (RZx)
11 **INC., A California Corporation**    )
   **doing business as Desert Valley**  )
12 **Hospital; and DESERT VALLEY**      )
   **MEDICAL GROUP, INC., a**           )   **[PROPOSED] ORDER**
13 **California corporation**            )   **APPROVING STIPULATED**
                                        )   **PROTECTIVE ORDER**
14                                      )
                  **Plaintiff**          )
15                                      )
   **vs.**                              )
16                                      )
                                        )
17 **LONG TERM CARE WORKERS**           )
   **HEALTH TRUST FUND;**               )
18 **and DOES 1 through 10, Inclusive.** )
                                        )
19              **Defendants.**          )   NOTE: CHANGES HAVE BEEN
                                        )   MADE TO THIS DOCUMENT
20                                      )
21                                      )
22                                      )
23                                      )
24                                      )
25                                      )
26                                      )
27                                      )
28

                                   1

─────────────────────────────────────────
                  **PROPOSED ORDER**

## <u>ORDER</u>

Pursuant to the parties' stipulation and finding good cause in approving the Stipulated Protective Order, IT IS HEREBY ORDERED that:

1. In responding to discovery, any producing party ("Producing Party") may designate for confidential treatment, pursuant to this Order, any Discovery Material it believes in good faith to be non-public and of a confidential nature. Such information may be designated as being "Confidential Information." Confidential Information does not include information which is or becomes generally available to the public other than as a result of disclosure by the receiving party ("Receiving Party").

2. "Confidential Information" as used herein shall mean ~~all~~ **the following** information in whatever form such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that has not been made available to the general public ~~including~~:

(a) Health information which is defined as any information, whether oral or recorded in any form or medium, that:

(i) is created by a health care provider, health plan, public authority, employer, insurance provider, school, university, or health care clearinghouse; and

(ii) relates to the past, present, or future physical or mental health or condition of an individual, the provision or receipt of health care to or by an individual, or the past, present or future payment for the provision of health care to an individual;

(b) ~~Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use;~~

2

~~(c)    Is the subject of efforts that are reasonable under the circumstances to maintain secrecy;~~

~~(d)    May be the subject of certain privacy rights; or~~

~~(e)    The disclosure of which may cause harm to the interests of Producing Party.~~

3.    The designation of Discovery Material as Confidential Information for purposes of this Order shall be made in the following manner:

(a)    in the case of written materials (apart from depositions), by stamping "Confidential" on each page containing any Confidential Information or by providing the parties subject to this agreement with reasonable notice designating documents or other information as "Confidential"; provided that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document within ten (10) days after such document has been produced, with the effect that such document is subject to the protections of this Order from the time it is designated and stamped "Confidential";

(b)    in the case of depositions, (i) by a statement on the record, by counsel, at the time of or following such disclosure, that such testimony shall be treated as Confidential Information; or (ii) by written notice, sent by counsel to all parties within five (5) business days after receiving a copy of the transcript thereof, that such testimony shall be treated as Confidential Information and including a copy of the pages of the transcript containing the "Confidential" designation on each page so designated; provided that, until the five-day period expires, the entirety of such transcripts shall be treated as Confidential Information; and

(c)    in the case of computer files, by marking "Confidential" on the medium containing the files.

4.    Confidential Information shall be used solely for the purposes of this Litigation, including any appellate proceedings.

(a)     Documents that primarily contain Private Health Information ("PHI") shall only be served on the requesting party for which the patient was alleged to be an enrollee. Examples of such documents include, but are not limited to, medical records and chart notes.

(b)     The foregoing restriction only applies to Discovery Material and does *not* apply to the service of pleadings, or motions relating to the Litigation.

(c)     In the event a Receiving Party submits to the Court any pleadings or motions requiring the submission of material designated by the Producing Party as Confidential Information, the Receiving Party shall comply with the provisions of section 7 below.

5.     Discovery Material designated as "Confidential" may be disclosed, summarized, or otherwise communicated in whole or in part by a Receiving Party only to the following persons:

(a)     the Receiving Party's legal counsel and legal counsel's staff for use in accordance with this Order;

(b)     experts or consultants as may be necessary to provide assistance in this Litigation, pursuant and subject to paragraph 8(a) of this Order;

(c)     any currently named party, including its respective officers, directors, and management personnel and employees, but only to the extent counsel deems it reasonably necessary that such person provides assistance in this Litigation, all of whom shall be treated as parties for purposes of this Order;

(d)     deposition witnesses, pursuant and subject to paragraph 8(b) of this Order;

(e)     court reporters employed in connection with the Litigation and photocopy or document management services retained by counsel;

(f)     authors of documents, but only as to those documents authored by the individual;

(g)     any private mediators utilized in the above-captioned matter;

4

and

   (h) the Court and the Court's staff.

  6. In papers to be filed by a Receiving Party with the Court, material designated by the Producing Party as Confidential Information may be disclosed or summarized in whole or in part only under seal or as otherwise directed by the Court.

  7. The disclosure of Confidential Information shall be subject to the following:

   (a) Discovery Material designated by another party as "Confidential" may be provided to experts or consultants per paragraph 6(b) to the extent necessary for such expert or consultant to formulate an opinion, to prepare to testify, or to assist counsel in the Litigation, provided that such expert or consultant is using said Confidential Information solely in connection with the Litigation; and further provided that such expert or consultant confirms his or her understanding and agreement to abide by the terms of this Order by signing a copy of an Agreement To Be Bound By Confidentiality Order substantially in the form attached as Exhibit A hereto, which copy shall be maintained by counsel for the Receiving Party who seeks to disclose such Confidential Information.

   (b) Before a party or its counsel may show or disclose Discovery Material designated by another party as "Confidential" to any deposition witness per paragraph 5(d) (to the extent such persons are not covered by paragraphs 6(a), (b), (c), or (f) above), that person shall be advised that the Confidential Information is disclosed subject to this Order and may not be used other than pursuant to its terms.

  8. Entering into, agreeing to, and/or producing or receiving Confidential Information or otherwise complying with the terms of this Order shall not:

   (a) operate as or constitute an admission by any party that any Confidential Information contains or reflects trade secrets, proprietary or

5

commercially sensitive information, or any other type of confidential matter;

        (b)    operate as or constitute an admission by any party that the restrictions and process set forth herein constitute adequate protection for any particular information deemed by such Producing Party to be Confidential within the meaning of paragraph 1;

        (c)    operate as or constitute a waiver of any attorney client, work product or other privilege;

        (d)    prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

        (e)    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

        (f)    prejudice in any way the rights of any party to request that particular Discovery Material or Confidential Information be treated more or less restrictively than otherwise provided for herein and, absent agreement of the parties, to petition the Court for a further order relating to any Confidential Information;

        (g)    prejudice in any way the rights of any party to offer, discuss, or respond to questions concerning documents or any other information at any hearing in this matter, subject to appropriate means to preserve the confidentiality of Confidential Information as may be determined by the Court;

        (h)    prejudice in any way the rights of any party to seek a court determination whether any materials should be subject to the terms of this Order; or

        (i)    prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to particular discovery material.

        9.    If a party in possession of Confidential Information receives a

subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of such Confidential Information, that party shall give written and telephone notice to counsel for the Producing Party within two (2) business days (or as soon thereafter as practicable) after receipt of the subpoena or other compulsory process, but in no event after disclosing the Confidential Information. The notice shall identify the Confidential Information sought and transmit a copy of the subpoena or other compulsory process so that the Producing Party may take such action as it deems fit to control dissemination of the Confidential Information. In the event that Confidential Information is produced to the non-party, that material shall still be treated as Confidential Information by the parties to this Order.

10. This Order has no effect upon, and shall not apply to, the Producing Party's use of its own Confidential Information.

11. Within two weeks of a party's receipt of documents subpoenaed from a third party (either from another party or the third-party), any party may designate which, if any, of those documents shall be considered Confidential Information. All such documents so designated shall be handled in accordance with this agreement. Until any other party makes such a designation, or within two weeks after the documents are produced to the subpoenaing party (whichever is earlier), subpoenaing counsel shall consider all such documents Confidential Information and handle same in accordance with this Protective Order.

12. Non-party witnesses may avail themselves of the procedures and protections in this Order by agreeing in writing to be bound by this Order.

13. In the event additional parties join or are joined in the Litigation, they shall not have access to Confidential Information until the newly joined party has executed and filed with the Court its agreement to be fully bound by this Order.

14. Nothing in this agreement shall be construed in any way as a finding that information designated to be Confidential Information actually is Confidential

Information.  Any named party may object, in writing, to the designation by another party by specifying the information in issue and its grounds for questioning the designation.  A named party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge.  In the event that any party to the above-captioned matter disagrees at any point in these proceedings with the designation by the producing party, the parties shall try first to dispose of such dispute in good faith on an informal basis.  If the parties' cannot resolve the dispute within ten (10) days of service of a written objection, the party challenging the designation may file a motion to revise the designation within another twenty-one (21) days after the parties' informal attempts at resolution have concluded.  The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion.  The party that designated the Confidential Information shall have the burden of demonstrating the propriety of its designation. If the challenging party does not file a motion within 21 days, the information will be deemed to be Confidential Information under this agreement until such a time as the challenging party files a motion.  If 60 days have elapsed without the challenging party filing its motion, said party will be deemed to have waived its right to contest the designation of the challenged Confidential Information.

15.    The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding after the conclusion of the Litigation, including any appeals there from.  Within seventy-five (75) days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Information is permitted to be used, all persons having received Discovery Material containing Confidential Information shall either return such material and all copies to counsel for the Producing Party or destroy such documents .  Counsel for the parties shall be entitled to retain court papers, deposition transcripts, and attorney work product

containing Confidential Information; provided that counsel and employees of counsel shall not disclose such material to any person except pursuant to court order or agreement with the Producing Party.

~~16. The parties request that the Court enter the Order below~~

17. The Stipulated Protective Order filed and incorporated herein is hereby approved, **except where modified. Good cause has not been established under FED. R. CIV. P.26(c), except for the portion approved by the Court. Moreover, this order shall not govern either in connection with dispositive motions or at trial. If any party seeks protection in connection with those proceedings, the party shall apply separately for such protection, to the judicial officer who will preside at the hearing.**

Dated:  June 21, 2011                    _____

HONORABLE RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE